```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
```

RICHARD ALAN STARR,                    )
                                       )
                    Plaintiff,         )
       vs.                             )        1:10-cv-0687-SEB-DML
                                       )
HAMILTON CO. INDIANA, et al.,          )
                                       )
                    Defendants.        )


**Entry and Order Directing Dismissal of Action**

**I.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court is to dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff Richard Starr sought and has been granted leave to proceed *in forma pauperis*. Accordingly, his complaint is subject to the screening process described above.

**II.**

**A.**

Legally insufficient claims include those which fail to state a claim upon which relief can be granted, and such claims are those which lack facial plausibility. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). In addition, "a plaintiff can plead himself out of court by alleging facts which show that he has no claim." *Jackson v. Marion County,* 66 F.3d 151, 153 (7th Cir. 1995). The plaintiff is proceeding without counsel, meaning that his allegations are given a liberal construction by the court. *Haines v. Kerner,* 404 U.S. 519, 520 (1972) (holding that a pro se litigant's allegations are held to a more lenient standard than those of an attorney).

**B.**

Starr's claims are asserted pursuant to 42 U.S.C. § 1983 and its companion statutes. To state a claim under § 1983, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155-56 (1978).

Starr resides in Alexandria, Indiana. Based on the content of his complaint (rather than merely on the caption), he has sued Judge Sturtevante of the Hamilton Superior Court, Clerk Tammy Baitz of the same court, the Prosecuting Attorney of Hamilton County and one of her deputies, and a court reporter of the Hamilton Superior Court. He seeks the appointment of counsel, the award of unspecified punitive damages, unspecified injunctive relief, vindication of his civil rights, and that his record be "abolish[ed]."

Starr alleges that the defendants violated his federally secured rights through their conspiracy to do so in connection with an action brought in the Hamilton Superior Court and docketed as No. 29D05-0508-PO-1517. All Starr states in his complaint is that the defendants conspired to violate his civil rights in No. 29D05-0508-PO-1517.

Even liberally construed, Starr's complaint fails to state a legally cognizable claim against any of the defendants because it consists of nothing more than a string of statutes which are invoked and the conclusory assertion that the defendants conspired to violate his rights. A complaint of this nature lacks facial plausibility, *Bissessur v. Indiana University Bd. of Trustees,* 581 F.3d 599, 602 (7th Cir. 2009)("The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'")(quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 557 (2007); *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009)(explaining that a claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"), and the action must, therefore, be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

**III.**

Without a predicate constitutional violation, one cannot make out a *prima facie* case under § 1983. *Juriss v. McGowan,* 957 F.2d 345, 349 n.1 (7th Cir. 1992). That is the situation here. Neither under § 1983 nor any of the other statutes relied on in his complaint has Starr presented a claim which is plausible on its face. Because the complaint fails to state a claim upon which relief can be granted, the action is dismissed. The plaintiff's request for the appointment of counsel (dkt 1) is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 06/29/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana